United States District Court
Southern District of Texas
FILED

JAN 0 8 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO J. PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. B-00-153 |
| | § | (Jury Requested) |
| NABORS CORPORATE SERVICES, INC. | § | |
| A/K/A/ NABORS DRILLING USA, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, Nabors Drilling USA, Inc., answers Plaintiff's Complaint:

1. Defendant denies the allegation in Paragraph I.1. of the Complaint for lack of knowledge.

2. Defendant admits the allegations in Paragraph I.2. of the Complaint concerning Nabors Drilling USA, Inc., but denies that it is the same corporation as Nabors Corporate Services, Inc. Nabors Corporate Services, Inc. is not a proper party to this lawsuit because it never was Plaintiff's employer, Plaintiff did not work for it, and it is not also known as Nabors Drilling USA, Inc.[1]

3. Defendant admits the allegation in Paragraph II.1. of the Complaint that this Court has jurisdiction over this cause under 29 U.S.C. § 2601, et. seq. Defendant denies that jurisdiction is proper under any "other such applicable statutes" because Plaintiff asserts claims only under 29 U.S.C. § 2601, et. seq.

---

[1] For the remainder of this Answer, "Defendant" shall refer only to Nabors Drilling USA, Inc.

4. Defendant admits the allegations in Paragraph II.2. of the Complaint.

5. To the extent Paragraph III.3. of the Complaint alleges Defendant first employed Plaintiff on October 5, 1998, Defendant denies this allegation. Defendant, however, admits that at the beginning of the day on October 5, 1998, Plaintiff was an employee of Defendant.

6. To the extent Plaintiff's reference to "such date" in Paragraph III.4. of the Complaint refers to October 5, 1998, the date stated in Paragraph III.3. of the Complaint, Defendant admits that it completed the documentation of Plaintiff's termination on that date. If Plaintiff's reference to "such date" is not intended to relate back to the date in Paragraph III.3. of the Complaint, Defendant denies the allegations in Paragraph III.4. of the Complaint.

7. Defendant denies the allegations in Paragraph III.5. of the Complaint for lack of knowledge.

8. Defendant denies the allegations in Paragraph III.6. of the Complaint.

9. Defendant admits the allegations in Paragraph III.7. of the Complaint that Plaintiff called Cristo Ramirez and that Ramirez informed Plaintiff that he had been terminated. Defendant further admits that Rene Perez, Ramirez's superintendent, told Ramirez to terminate Plaintiff because of his frequent unexcused absences and tardiness. Defendant denies for lack of knowledge that Plaintiff supposedly arrived at home with his son at 1:45 p.m. on October 5, 1998 or that the call he placed to Ramirez occurred on October 5, 1998. Defendant denies the remaining allegations.

10. Defendant admits the allegations in Paragraph III.8. of the Complaint that at some time after his termination Plaintiff appeared at the rig seeking reinstatement and that Ramirez informed him that he had been replaced, that he could not reinstate him, and that Plaintiff would

need to check with Defendant's personnel department to see if Defendant was hiring people at that time. Defendant denies for lack of knowledge that this event occurred on October 17, 1998. Defendant denies that Plaintiff sought reinstatement at any time prior to the occasion referenced in Paragraph III.8. of the Complaint.

11. Concerning the allegations in Paragraph IV.9., Defendant admits that Plaintiff asserts claims under various provisions of the Family Medical Leave Act (29 U.S.C. § 2601, et. seq.) and its accompanying regulations (29 C.F.R. § 825, et seq.). Defendant denies the remaining allegations.

12. Defendant denies the allegations in Paragraph IV.10. of the Complaint.

13. Defendant denies the allegations in Paragraph IV.11. of the Complaint.

14. Defendant denies the allegations in Paragraph V.12. of the Complaint.

15. Defendant denies the allegations in Paragraph V.13. of the Complaint.

16. Defendant denies the allegations in Paragraph V.14. of the Complaint and further denies that any provision of the FMLA entitles Plaintiff to a promotion.

17. Defendant denies the allegations in Paragraph V.15. of the Complaint and further denies that Plaintiff is entitled to any equitable relief.

18. Defendant denies the allegations in Paragraph V.16. of the Complaint and further denies that Plaintiff is entitled to recover attorneys' fees, expert fees, or any other costs.

19. Paragraph V.17. of the Complaint does not require a response, but Defendant states that there is no minimum jurisdictional limit for damages because Plaintiff alleges an action arising under the laws of the United States.

20. Defendant denies the allegations in Paragraph V.18. of the Complaint and further denies that Plaintiff is entitled to pre- or post-judgment interest.

21. Defendant admits that Plaintiff has requested a jury as stated in Paragraph VI.19. of the Complaint, but denies that Defendant is liable in any respect or that Plaintiff sustained any damages.

22. Defendant denies the allegations in Paragraph VI.20. of the Complaint.

23. Defendant denies the allegations in Plaintiff's Prayer and further denies that Plaintiff is entitled to any relief, including, but not limited to, compensatory damages, liquidated damages, attorneys' fees, pre- and post-judgment interest, or any other relief.

## DEFENSES

24. The Complaint, and each and every count, fails to state a claim upon which relief can be granted.

25. Nabors Corporate Services, Inc. and Nabors Drilling USA, Inc. are distinct and separate corporate entities.

26. Nabors Corporate Services, Inc. never was Plaintiff's employer and Plaintiff never performed work for it. Therefore, Nabors Corporate Services, Inc. is not a proper party to this lawsuit.

27. On information and belief, Plaintiff has failed to mitigate his damages.

28. On information and belief, Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, including those set forth in 29 U.S.C. § 2617(c).

29. Defendant's actions, if any, have been based on reasonable factors other than Plaintiff's alleged request or use of FMLA leave.

30. Without waiving any other denial or defense, Defendant asserts all actions about which Plaintiff complains were privileged or within Defendant's legal rights.

Defendant Nabors Drilling USA, Inc. prays that Plaintiff's Complaint be dismissed and that Plaintiff take nothing against it, that Defendant recover its costs and attorneys' fees, and have other appropriate relief.

Respectfully submitted,

THOMAS H. WILSON
State Bar No. 21726500
MERRITT B. CHASTAIN, III
State Bar No. 00793491
1001 Fannin, Suite 2300
Houston, Texas 77002-6760
(713) 758-2042 (Telephone)
(713) 615-5704 (Telecopy)

**ATTORNEYS FOR DEFENDANT NABORS DRILLING USA, INC.**

**OF COUNSEL:**

VINSON & ELKINS, L.L.P.
1001 Fannin, Suite 2300
Houston, Texas 77002-6760

## CERTIFICATE OF SERVICE

I certify that on this the 5th day of January, 2001, a true and correct copy of the foregoing document was served on all counsel by certified mail, return receipt requested as follows:

James P. Grissom
721 East Esperanza, Suite D
McAllen, Texas 78501

_____
Attorney for Defendant

Houston.423876 1