7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 15 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FRANCISCO J. PEREZ | § | |
| Plaintiffs | | |
| VS. | § | CIVIL ACTION NO. B-00-153 |
| NABORS CORPORATE SERVICES, INC. aka NABORS DRILLING USA, INC. | | |
| Defendant | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff, FRANCISCO J. PEREZ, and Defendant, NABORS DRILLING USA, INC. file this Joint Discovery/Case Management Plan pursuant to Rule 26(f) as follows:

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   A Rule 26(f) meeting was held on February 13, 2001, by telephone conference. James Grissom appeared for Plaintiff. Merritt Chastain appeared for Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None

3. **Briefly describe what this case is about.**

   Plaintiff alleges that he was terminated from his employment with Defendant in violation of the Family Medical Leave Act and seeks all damages and compensation available under the statute.

   Defendant denies Plaintiff's allegations and seeks attorney's fees.

4. **Specify the allegation of federal jurisdiction.**

   Federal jurisdiction arises in this case under 28 U.S.C. §1331.

5. **Name the parties who disagree and the reasons.**

       None

6. **List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.**

    Plaintiff has no knowledge of additional parties at this time.

    Defendant is not aware of any anticipated additional parties at this time.

7. **List anticipated interventions.**

    None.

8. **Describe class-action issues.**

    None.

9. **State whether each party represents that it had made the initial disclosures required by Rule 26(a). If not describe the arrangements that have been made to complete the disclosures.**

    Plaintiff will make his initial disclosures prior to the pretrial conference scheduled for February 26, 2001.

    Defendant filed its initial disclosures on February 13, 2001.

10. **Describe the proposed agreed discovery plan, including:**
    A. Responses to all the matters raised in Rule 26(f).

    1. What changes should be made in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures made under subdivision (a)(1) were made or will be made:

        None. Plaintiff will make his initial disclosures prior to the pretrial conference scheduled for February 26, 2001. Defendant filed its initial disclosures on February 13, 2001.

    2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:

        The parties will conduct discovery regarding the allegations in Plaintiff's complaint and the defenses averred in Defendant's answer. The parties

anticipate being able to complete discovery by November 1, 2001. At this time, the parties are not aware of any reason why discovery would need to be conducted in phases or why the Court should limit the discovery or focus it on particular issues.

3. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?

None.

4. What other orders should be entered by the Court under subdivision (c) or under Rule 16(b) and (c)?

None.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff will send interrogatories to defendant as permitted by the FRCP within 30 days of the pretrial conference scheduled for February 26, 2001.

C. **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories to Plaintiff within 45 days after Plaintiff serves interrogatories upon Defendant.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff will take the deposition of a designated corporate representative and any other person or persons with relevant knowledge as well as expert witnesses designated by Defendant. These depositions can be completed within 120 days of disclosure by Defendant.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the deposition of Plaintiff within 60 days of receiving Plaintiff's initial disclosures. Defendant also anticipates taking the depositions of other witnesses whose identity may be disclosed through initial disclosures or other discovery (if any) some time after taking the Plaintiff's deposition.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts within 90 days and provide written reports within 120 days of the pretrial conference scheduled for February 26, 2001.

Defendant will be able to designate experts and provide expert reports within 45 days of the Plaintiff's designation of experts and provision of expert reports.

 G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

  Plaintiff will take the deposition of experts identified by Defendant in response to rule 26 disclosures. Depositions will be completed within 60 days of disclosures.

 H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

  Defendant anticipates taking the depositions of any experts designated by the Plaintiff within the discovery period.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

 The parties are agreed to the discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

 None

13. **State the date the planned discovery can reasonably be completed.**

 November 1, 2001.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

 The parties are amenable to discussing the possibility of settlement after a reasonable amount of discovery has been completed.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

 Plaintiff are communicating with Defendant and all requests of the Defendant have been met timely as of this date.

 Defendant has performed an investigation and spoken with appropriate witnesses in order

to file its answer and to begin preparing its defense. Additionally, the parties are amenable to discussing settlement and mediation issues after a reasonable amount of discovery has been completed.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties believe mediation would be the most useful ADR technique for this case, but also believe that mediation should not take place until after the discovery is reasonably completed.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Plaintiff have no opposition to trial before a magistrate judge.

    Defendant is currently evaluating whether consent to trial before a magistrate judge is appropriate.

18. **State whether a jury demand has been made and if it was made on time.**

    The parties have timely demanded a trial by jury.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate the trial would last approximately 18-24 hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing**

ClibPDF - www.fastio.com

for original and any amendments.

Plaintiff will file his disclosure within the 10 days as required by the Notice of Conference.

Defendant filed its Disclosure of Interested Parties on February 13, 2001.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

| Plaintiff: | Defendant: |
|---|---|
| Mr. James P. Grissom | THOMAS H. WILSON |
| 2408 North Conway | State Bar No. 21726500 |
| Mission, Texas 78572 | Federal Bar No. 6585 |
| State Bar No. 08511900 | MERRITT B. CHASTAIN, III |
| Federal ID Number 11417 | State Bar No. 00793491 |
| (956) 994-1127 | Federal Bar No. 22694 |
| (956) 994-1145 - fax | VINSON & ELKINS, L.L.P. |
| | 1001 Fannin, Suite 2300 |
| | Houston, Texas 77002-6760 |
| | (713) 758-2042 (Telephone) |
| | (713) 615-5704 (Telecopy) |

Respectfully submitted,

*/s/ James P. Grissom*
James P. Grissom
2408 North Conway
Mission, Texas 78572
State Bar No. 08511900
Federal ID Number 11417
(956) 994-1127
(956) 994-1145 - fax

*/s/ Merritt B. Chastain* by permission
THOMAS H. WILSON
State Bar No. 21726500
Federal Bar No. 6585
MERRITT B. CHASTAIN, III
State Bar No. 00793491
Federal Bar No. 22694
VINSON & ELKINS, L.L.P.
1001 Fannin, Suite 2300
Houston, Texas 77002-6760
(713) 758-2042 (Telephone)
(713) 615-5704 (Telecopy)