**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

DEC 1 4 2001
*10:25 i*

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FRANCISCO J. PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. B-00-153 |
| | § | (Jury Requested) |
| NABORS CORPORATE SERVICES, INC. | § | |
| A/K/A/ NABORS DRILLING USA, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S PROPOSED JURY CHARGE

COMES NOW Defendant Nabors Drilling USA, Inc. and files its Proposed Jury Charge.

Defendant reserves the right to change, revise, add to, and/or delete instructions and/or questions as

may become appropriate. By submission of the proposed charge, Defendant does not agree that the

facts of this case, as may be developed at trial, warrant the submission of interrogatories. Defendant

expressly reserves the right to assert any objections that may be appropriate (including, without

limitation, no evidence objections) to the charge submitted to the jury by the Court.

Respectfully submitted,

THOMAS H. WILSON
State Bar No. 21726500
MERRITT B. CHASTAIN, III
State Bar No. 00793491
1001 Fannin, Suite 2300
Houston, Texas 77002-6760
(713) 758-2042 (Telephone)
(713) 615-5704 (Telecopy)

**ATTORNEYS FOR DEFENDANT NABORS**
**DRILLING USA, INC.**

**OF COUNSEL:**

VINSON & ELKINS, L.L.P.
1001 Fannin, Suite 2300
Houston, Texas 77002-6760

## CERTIFICATE OF SERVICE

I certify that on this the 12th day of December, 2001, a true and correct copy of the foregoing document was served on all counsel by federal express as follows:

James P. Grissom
2408 North Conway
Mission, Texas 78572

Attorney for Defendant

Houston:734144 1

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND INTERROGATORIES

## PROPOSED GENERAL INSTRUCTION NO. 1

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

Unless otherwise instructed, you must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

**If Applicable:** You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe a single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence -- such as testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**SOURCE:**    Pattern Jury Instructions (Civil Cases), 5th Circuit, Nos. 2.11, 2.12, 2.20, and 3.1 (1999).

**APPROVED:**    _____

**DISAPPROVED:**    _____

_____

**JUDGE PRESIDING**

## PROPOSED GENERAL INSTRUCTION NO. 2

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and

all other persons are equal before the law and must be treated as equals in a court of justice.


**SOURCE:**     Pattern Jury Instructions (Civil Cases), 5th Circuit, No. 2.13 (1999).


**APPROVED:**          _____

**DISAPPROVED:**          _____


_____

**JUDGE PRESIDING**

## PROPOSED GENERAL INSTRUCTION NO. 3

It is the duty of the court to admonish an attorney who, out of zeal for his or her cause, does

something which is not in keeping with the rules of evidence or procedure.

You are to draw no inference against the side to whom an admonition of the Court may have

been addressed during the trial on this cause.

**SOURCE:**   E. Devitt & C. Blackmar, Federal Jury Practice and Instructions:  Civil §
10.12 (1977).

**APPROVED:**          _____

**DISAPPROVED:**          _____

_____

**JUDGE PRESIDING**

## PROPOSED GENERAL INSTRUCTION NO. 4

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against the attorney or the client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he or she had been permitted to answer any question.

**SOURCE:**   E. Devitt & C. Blackmar, Federal Jury Practice and Instructions: Civil § 10.12 (1977).

**APPROVED:**           _____

**DISAPPROVED:**     _____

_____

**JUDGE PRESIDING**

## PROPOSED INTERROGATORY NO. 1

Do you find from a preponderance of the evidence that Julio Cesar's (Francisco Perez's son)

illness in October 1998 was a serious health condition under the Family Medical Leave Act

("FMLA")?

Answer this Interrogatory only after you have carefully considered the Court's instructions

regarding the FMLA's definition of a serious health condition.

Answer "Yes" or "No."

ANSWER:                    _____

**APPROVED:**           _____

**DISAPPROVED:**     _____


_____

**JUDGE PRESIDING**

# FIRST PROPOSED INSTRUCTION FOR INTERROGATORY NO. 1

You are instructed that the FMLA defines a serious health condition as an illness, injury, impairment, or physical or mental condition that includes (1) inpatient care in a hospital, hospice, or residential medical care facility; or (2) continuing treatment by a health care provider.

"Inpatient care" means an overnight stay in a hospital, hospice, or residential medical care facility.   "Continuing treatment" means a period of incapacity of more than three consecutive calendar days.

**SOURCE:**     29 U.S.C. § 2611(11); 29 C.F.R. § 825.114(a)(1), (a)(2)(i).

**APPROVED:**          _____

**DISAPPROVED:**       _____

_____
**JUDGE PRESIDING**

**Answer this Interrogatory only if you answered "YES" in response to Interrogatory No. 1. Otherwise do not answer any more Interrogatories.**

## PROPOSED INTERROGATORY NO. 2

Do you find from a preponderance of the evidence that Francisco Perez took his son, Julio Cesar, to the doctor for an alleged asthma condition on October 5, 1998?

Answer "Yes" or "No."

ANSWER: _____

APPROVED: _____

DISAPPROVED: _____

_____
**JUDGE PRESIDING**

Answer this Interrogatory only if you answered "YES" in response to Interrogatory No.

2. Otherwise do not answer any more Interrogatories.

## PROPOSED INTERROGATORY NO. 3

Do you find from a preponderance of the evidence that Francisco Perez provided adequate notice to Nabors Drilling USA, Inc. of his alleged need for leave under the FMLA on October 5, 1998?

Answer this Interrogatory only after you have carefully considered the Court's instructions regarding notice under the FMLA.

Answer "Yes" or "No."

ANSWER:                    _____

APPROVED:          _____

DISAPPROVED:     _____


_____
**JUDGE PRESIDING**

## <u>FIRST INSTRUCTION FOR PROPOSED INTERROGATORY NO. 3</u>

Notice of the need for leave enables an employer to keep its business operating smoothly by bringing in substitutes or hiring temporary help. You are instructed that an employee must provide notice of the need for leave under the FMLA as soon as is possible so as not to disrupt the employer's operations. When the need for leave is unforeseeable, written advance notice (if required by the employer) may not be feasible; however, the employee should contact the employer either in person or by telephone in this circumstance. The employer may require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave.

**SOURCE:**   29 C.F.R. § 825.303(a)-(b); 29 C.F.R. § 825.302(d); *Gilliam v. United Parcel Serv., Inc.*, 233 F.3d 969, 971 (7th Cir. 2000).


**APPROVED:**   _____

**DISAPPROVED:**   _____


_____

**JUDGE PRESIDING**

## SECOND INSTRUCTION FOR PROPOSED INTERROGATORY NO. 3

You are instructed that when requesting leave under the FMLA, the employee need not specifically state that he seeks leave "under the FMLA." However, an employee who provides cursory information about his condition or the condition of a child for which he is needed to care and fails to advise the employer of the need for medical treatment does not provide adequate notice under the FMLA. In short, the employee must provide enough information for the employer to understand that leave is needed for a "serious health condition." A mere declaration that a family member is ill is insufficient to comply with the FMLA's notice requirement.

SOURCE:    *Seaman v. CSPH, Inc.*, 179 F.3d 297, 302 (5th Cir. 1999); *Satterfield v. Wal-Mart Stores, Inc.*, 135 F.3d 973 (5th Cir. 1998); *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758 (5th Cir. 1995); *McGraw v. Sears, Roebuck & Co.*, 21 F. Supp.2d 1017. 1022 (D. Minn. 1998)


APPROVED:    _____

DISAPPROVED:    _____


_____
**JUDGE PRESIDING**

**Answer this Interrogatory only if you answered "YES" in response to Interrogatory No.**

**3. Otherwise do not answer any more Interrogatories.**

## PROPOSED INTERROGATORY NO. 4

Do you find from a preponderance of the evidence that Nabors Drilling USA, Inc. discharged

Francisco Perez because he attempted to exercise rights under the FMLA on October 5, 1998?

Answer this Interrogatory only after you have carefully considered the Court's instructions

regarding the FMLA.

Answer "Yes" or "No."

ANSWER:          _____

**APPROVED:**          _____

**DISAPPROVED:**          _____

_____

**JUDGE PRESIDING**

## FIRST PROPOSED INSTRUCTION FOR INTERROGATORY NO. 4

You are instructed that under the FMLA an employer must allow an employee up to 12 weeks of leave in a year for leave requested to care for a child with a serious health condition. The FMLA does not require the employer to pay the employee during this leave.

**SOURCE:**     29 U.S.C. § 2612(a).

**APPROVED:**          _____

**DISAPPROVED:**      _____

_____
**JUDGE PRESIDING**

## SECOND PROPOSED INSTRUCTION FOR INTERROGATORY NO. 4

You are instructed that to prevail on his FMLA claim Francisco Perez must prove that his alleged exercise of his rights under the FMLA was a determinative influence on Nabors Drilling USA, Inc.'s ("Nabors") decision to discharge off. To establish that his alleged exercise of his rights under the FMLA was a determinative influence on the decision to discharge him, Mr. Perez must prove that "but for" his exercise of such rights he would not have been discharged. If Nabors has stated a reason for Mr. Perez's discharge (such as unexcused absences), then you must decide in favor of Nabors unless Mr. Perez proves by a preponderance of the evidence that the true reason for the decision was because of his alleged exercise of his FMLA rights. The burden of proof to establish retaliation under the FMLA is on Mr. Perez throughout the entire case. The burden is not on Nabors to prove that it did not retaliate.

SOURCE:     *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000); *St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742, 2747-49 (1993); *Fuller v. Phillips*, 67 F.3d 1137 (4th Cir. 1995); *Miller v. CIGNA Corp.*, 47 F.3d 586, 595-96 (3rd Cir. 1995) (en banc); *Gehring v. Case Corp.*, 43 F.3d 340, 344 (7th Cir. 1994), *cert. denied*, 515 U.S. 1159 (1995).


**APPROVED:**           _____

**DISAPPROVED:**       _____


_____
**JUDGE PRESIDING**

## <u>THIRD PROPOSED INSTRUCTION FOR INTERROGATORY NO. 4</u>

You are instructed that an employer that honestly believes that it is discharging an employee for misusing leave under the employer's policies or leave allowed under the law is not liable, even if the employer is mistaken.

SOURCE:     *Medley v. Polk Co.*, 260 F.3d 1202, 1207-08 (10th Cir. 2001); *Kariotis v. Navistar Int'l Trans. Corp.*, 131 F.3d 672, 680-81 (7th Cir. 1997).


APPROVED:              _____

DISAPPROVED:          _____


_____
**JUDGE PRESIDING**

## FIFTH PROPOSED INSTRUCTION FOR INTERROGATORY NO. 4

Francisco Perez cannot establish that he was discriminated against because he supposedly

exercised his FMLA rights simply by relying on his own subjective belief. A subjective belief,

however genuine, is not evidence of discrimination.

> **SOURCE:**   *Price v. Marathon Cheese Corp.*, 119 F.3d 330, 337 (5th Cir. 1997);
> *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.
> 1996); *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 435 (5th Cir. 1995);
> *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 775 (S.D. Tex. 2001);
> *Yelverton v. Graebel/Houston Movers, Inc.*, 121 F. Supp.2d 604, 611 (E.D.
> Tex. 2000).


APPROVED:            _____

DISAPPROVED:         _____


_____
JUDGE PRESIDING

## PROPOSED INTERROGATORY NO. 5

**Answer this Interrogatory only if you answered "YES" in response to Interrogatory No.**

**4.**

From a preponderance of the evidence, what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Francisco Perez for the conduct found in response to Interrogatory No. 4?

Consider the element of damages listed below and none other.

Answer this Interrogatory only after you have carefully considered the Court's instructions regarding back pay and mitigation.

Answer in dollars and cents for damages, if any.

> Lost wages and employment benefits in the past (between October 5, 1998 and the present), less mitigating income and/or the penalty for failing to mitigate.

**ANSWER: $**_____

**APPROVED:** _____

**DISAPPROVED:** _____

_____

**JUDGE PRESIDING**

## FIRST PROPOSED INSTRUCTION FOR INTERROGATORY NO. 5

If you determine that Nabors Drilling USA, Inc. discriminated against Francisco Perez because of his alleged exercise of FMLA rights, then you must determine the damages, if any, to which he is entitled. You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe that Mr. Perez should, or should not, win this case. It is your task first to decide whether Nabors is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Nabors is liable and that Mr. Perez is entitled to recover money.

**SOURCE:**     Pattern Jury Instructions (Civil Cases), 5th Circuit, No. 15.1 (1999).

**APPROVED:**          _____

**DISAPPROVED:**       _____


_____
**JUDGE PRESIDING**

## SECOND PROPOSED INSTRUCTION FOR INTERROGATORY NO. 5

If, and only if, you find that Nabors Drilling USA, Inc. intentionally discriminated against Francisco Perez because he allegedly exercised his rights under the FMLA, then you must determine whether Mr. Perez is entitled to compensation for his lost back pay and employment benefits.

"Back pay" is an amount equal to the pay that Mr. would have received from Nabors had he not been discharged, from the time he was discharged (October 5, 1998) to the present time. Your calculation of back pay must exclude any amount of money that Mr. Perez did earn or could have earned with the exercise of diligence between the time of the discharge and the present time, as well as unemployment compensation benefits he received in the interim.

**SOURCE:**   42 U.S.C. § 2000e-5(g)(1); *Sellers v. Delgado College*, 902 F.2d 1189, 1193-94 (5th Cir. 1990); *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1468 (5th Cir. 1989).

**APPROVED:**        _____

**DISAPPROVED:**        _____

_____
**JUDGE PRESIDING**

## THIRD PROPOSED INSTRUCTION FOR INTERROGATORY NO. 5

A person who claims damages resulting from the wrongful act of another has a duty under the law to mitigate his damages -- he must use reasonable diligence to locate and obtain "substantially equivalent" employment so as to avoid or minimize damages, if any. "Substantially equivalent" employment is employment that affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position the person left.

If you find Nabors Drilling USA, Inc. is liable and Francisco Perez has sustained damages, Mr. Perez may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence that Mr. Perez failed to exercise reasonable diligence to obtain substantially equivalent employment, you should deny him recovery during the periods of time he failed to exercise such diligence. A plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating his damages.

SOURCE:     Pattern Jury Instructions (Civil Cases), Fifth Circuit, No. 15.15 (1999); *Sellers v. Delgado College*, 902 F.2d 1189, 1193-94 (5th Cir. 1990); *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1468 (5th Cir. 1989); *see Denesha v. Farmers Ins. Exchange*, 161 F.3d 491, 502 (8th Cir. 1998); *Humphreys v. Med. Towers, Ltd.*, 893 F. Supp. 672, 690 (S.D. Tex. 1995)

APPROVED:          _____

DISAPPROVED:       _____

_____
**JUDGE PRESIDING**

## DEFENDANT'S PROPOSED FINAL JURY INSTRUCTIONS

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your <u>unanimous</u> verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing

or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may not retire to the jury room to conduct your deliberations.  Once your deliberations are completed, the Foreperson is to sign and date the Certificate on the next page.

SIGNED at Houston, Texas this the _____ day of _____, 2002.


_____
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| **FRANCISCO J. PEREZ,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | **CAUSE NO. B-00-153** |
| § | **(Jury Requested)** |
| **NABORS CORPORATE SERVICES, INC.** § | |
| **A/K/A/ NABORS DRILLING USA, INC.,** § | |
| § | |
| **Defendant.** § | |

## <u>CERTIFICATE</u>

We, the jury, have answered the above and foregoing questions unanimously, and herewith return the same into the Court as our verdict.

_____          _____
Date                                              Jury Foreperson