IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FRANCISCO J. PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. B-00-153 |
| | § | (Jury Requested) |
| NABORS CORPORATE SERVICES, INC. | § | |
| A/K/A/ NABORS DRILLING USA, INC., | § | |
| | § | |
| Defendant. | § | |

## NABORS DRILLING USA, INC.'S PROPOSED QUESTIONS FOR VOIR DIRE EXAMINATION

Defendant, Nabors Drilling USA, Inc. ("Nabors"), submits the following Proposed Questions for Voir Dire Examination.

Respectfully submitted,

THOMAS H. WILSON
State Bar No. 21726500
MERRITT B. CHASTAIN, III
State Bar No. 00793491
1001 Fannin, Suite 2300
Houston, Texas 77002-6760
(713) 758-2042 (Telephone)
(713) 615-5704 (Telecopy)

ATTORNEYS FOR DEFENDANT NABORS DRILLING USA, INC.

OF COUNSEL:

VINSON & ELKINS, L.L.P.
1001 Fannin, Suite 2300
Houston, Texas 77002-6760

## **CERTIFICATE OF SERVICE**

I certify that on this the 12th day of December, 2001, a true and correct copy of the foregoing document was served on all counsel by federal express as follows:

James P. Grissom
2408 North Conway
Mission, Texas 78572

*[signature]*
Attorney for Defendant

Houston 734780 1

## **PRELIMINARY STATEMENT**

I will ask you several questions that pertain to personal opinions you may hold or experiences you may have had. Please respond openly and freely to these questions. They are not designed to embarrass you or unnecessarily pry into your private lives. Under our system of justice, each side is entitled to know if there is anything in your background or experiences in life that could affect your being fair and impartial to all sides of this lawsuit.

## **VOIR DIRE QUESTIONS**

1.  Please state the name of your employer and the position you hold with such employer (or if you are retired).

    a.  How long have you worked for this employer?

    b.  [If retired, please state the name of your employer prior to your retirement and the position you last held with such employer.]

2.  Please state the name of your spouse's employer and the position he or she holds with such employer (or if your spouse is retired).

    a.  How long has he or she worked for this employer?

    b.  [If retired, please state the name of your spouse's employer prior to his or her retirement and the position he or she last held with such employer.]

3.  Do you have any prior knowledge of the facts or background of this lawsuit? If so, please raise your hand and then come forward and tell me what you have learned or what has been said to you so that other members of the jury panel cannot hear what you say.

4.  Are any of you acquainted with the Plaintiff, Francisco Perez, or any members of his family? If so, please raise your hand.

    a.    What was the nature of the contact?

    b.    When did it occur?

    c.    Would that contact in any way cause you to favor one side over the other in this dispute?

5.    The Plaintiff is represented by attorney James Grissom, who is from Mission, Texas. Are any of you acquainted with or have any of you ever had business contacts with Mr. Grissom or other personnel at his law firm? If so, please raise your hand.

    a.    What was the nature of the contact?

    b.    When did it occur?

    c.    Would that contact in any way cause you to favor one side over the other in this dispute?

6.    Nabors is a relatively well known company and employer. It is possible that some of you may have been employed by Nabors or had business or other dealings with Nabors. Is there any member of the jury panel who has had any kind of disagreement with Nabors or has been dissatisfied with some service Nabors provided or has some negative impression about the Company based on anything you have read or heard? If so, please raise your hand.

    **[Ask to come to bench:]**

    a.    What was the nature of your contact?

    b.    When did it occur?

    c.    Would that contact in any way cause you to favor one side over the other in this dispute?

7. Nabors is represented in this case by Thomas Wilson and Merritt Chastain of the Houston law firm of Vinson & Elkins. Are any of you acquainted with or have any of you had business contacts with Mr. Wilson or Mr. Chastain, or any of the lawyers or other personnel at their law firm? If so, please raise your hand.

    a. What was the nature of the contact?

    b. When did it occur?

    c. Would that contact cause you to favor one side over the other?

8. There are several persons who have been identified as possible witnesses in this lawsuit. It is not certain that all these people will be needed as witnesses. Are any of you acquainted with any of the following named persons; if so, please raise your hand as I read the name of each such person and remain with your hand raised until I have completed reading the list.

**[Read names of witnesses from both Plaintiff and Defendant's witness lists]**

    [after reading]

    a. Please name each person in the above list whom you know.

    b. Please describe generally the nature of your acquaintance.

    c. Would your acquaintance with the witness cause you to give extra weight or credibility to that person's testimony?

9. Has any member of the jury panel ever served as a juror in the trial of another lawsuit? If so, please raise your hand.

    a. Please describe generally the nature of the lawsuit(s) in which you have served as a juror.

    b. Were you the foreperson?

    c. Was a verdict reached by the jury on which you served?

    d.  Was there anything in that experience as a juror that would cause you to favor one side or the other in this case?

10.  The Plaintiff will present all his witnesses in support of his claims before the Defendant presents its witnesses. Are there any of you who believe you would not be able to keep an open mind and reserve judgment on the evidence until all the evidence has been completed and the Court has instructed the jury on the law? If so, please raise your hand.

    a.  Please tell us what difficulty you might have.

11.  The jury selected in this case will be required to decide factual issues submitted to it solely on the basis of the evidence given during the course of the trial and not on the basis of any feelings of sympathy or prejudice that any member of the jury may have with respect to the parties or their counsel. Are there any of you who believe that, if you are selected to serve on this jury, it would be difficult for you to decide the questions submitted to you solely on the basis of the evidence presented during the trial because of (a) some feelings of sympathy you may have for one of the parties or (b) some bias or prejudice you may feel against one of the parties? If so, please raise your hand.

**[Ask to approach the bench:]**

    a.  Please tell us what difficulty you might have in this regard.

12.  Under the law, all parties, including corporations, are entitled to the same fair and impartial trial. Do any of you believe you may have some sympathy for Plaintiff just because he is an individual and Nabors is a company? If so, please raise your hand.

    a.  Do you believe sympathy should play a role in your decision in this case?

      b.      How do you plan to avoid allowing any sympathy you may feel for the Plaintiff from influencing your decision in this case?

13.      Do any of you believe that the Plaintiff probably has good claims or should recover something from Nabors just because he has brought this lawsuit?

14.      In judging the evidence in this case, the jury will be required to follow certain instructions on the law given by the Court. You may or may not agree with the Court's instructions on the law, but, if you are selected to serve on this jury, you will be required to evaluate the evidence and render a verdict in accord with the Court's instructions. Do any of you believe that you may be unable to follow the Court's instructions on the law in reaching your verdict <u>should you disagree with those instructions</u>? If so, please raise your hand.

15.      The jury will not be asked to judge whether Nabors's decisions regarding the Plaintiff's employment and discharge were justified. Plaintiff's claims involve only the issue of whether he was discharged because he allegedly exercised his rights under the Family Medical Leave Act ("FMLA"). If asked to serve as a juror, will you limit your deliberations to this issue and decide this issue based solely on the evidence that is admitted at trial? Can you do so without allowing bias, sympathy or prejudice to play any role in your deliberations? If you are confident that you can, please raise your hand.

16.      Do any of you believe that you have ever been subjected to discrimination or retaliation because you had to miss work because a son or daughter had an illness or because of your own illness; or subjected to some other form of discrimination or retaliation on the job; or that a relative or close friend of yours has been subjected to discrimination or retaliation on the job?

**[Ask to approach the bench:]**

    a.    Who was subjected to discrimination or retaliation because of missed work due to the person's own illness or that of a son or daughter, or some other form of discrimination?

    b.    Please describe generally the circumstances.

    c.    Were these circumstances reported to your (or your family member or acquaintance's) employer?

    d.    If so, what action was taken by the employer?

    e.    Were you satisfied with that action?

    f.    Did you or your relative or friend ever file a charge of employment discrimination with any government agency or a lawsuit alleging discrimination regarding these circumstances?

    g.    When was such charge or suit filed and has it been finally resolved?

    h.    Were you satisfied with the resolution?

    i.    If asked to serve as a juror in this case, could you put that experience entirely out of your mind and view the evidence with total objectivity, or would that experience likely cause you to be more sympathetic to the Plaintiff, even slightly?

17.    Other than any lawsuits we may have just discussed, have any of you ever been a party to a lawsuit, other than a divorce proceeding, either as a plaintiff or defendant? If so, please raise your hand.

    a.    Describe generally the nature or kinds of lawsuit(s) in which you were involved as a party. And state whether you were a plaintiff or defendant.

    b.    When did such lawsuit(s) occur and has it been concluded?

    c.    Was there anything in your experience in that suit that would make it difficult for you to decide this case based solely on the evidence that is presented during the trial and the instructions as given to you by the Court?

18. The law in Texas is that an employer may discharge an employee at any time and for any reason apart from illegal discrimination or retaliation. Does anyone here feel like they would have a problem enforcing the rule that an employer may discharge an employee at any time and for any reason at all, even if that reason is not what you might view as a good reason, as long as that reason is not discriminatory?

19. Most of us have been employees. Some of you may also have been employers, supervisors, or managers. I need to ask if any of you, other than what we have already discussed, have had any experience in the working world that could possibly bias you in favor of the Plaintiff?

   **[Ask to approach bench:]**

   a. What were the circumstances?

   b. How was the situation resolved and, if so, were you satisfied with the resolution?

   c. If not, why not?

   d. Could you put this experience and your feelings about it entirely out of your mind when considering the evidence in this case or would that experience likely cause you to be sympathetic toward and favor the Plaintiff, even slightly?

20. Does anyone believe that most or many employers discriminate or retaliate against employees because they must miss work to care for a family member with an illness or because of the employee's own illness?

   **[Ask to approach the bench:]**

   a. Why do you believe that many employers discriminate against employees because they must miss work to care for a family member with an illness or because of the employee's own illness?

9

    b.    Do you believe you could put that opinion entirely out of your mind in deciding this case or is it likely that it would influence how you view the evidence and cause you to favor the Plaintiff, even slightly?

21.    Does anyone on the jury panel believe that it is not important to report to work at the designated starting time or that it is not important to report to the supervisor before the start of the work shift that you might be late or might have to miss work because of an illness or other reason?

    a.    Why do you believe this?

22.    Does anyone on the jury panel have any training in law or has anyone worked for lawyers?

    a.    Please describe.

    b.    What types of cases have you worked on.

    c.    If asked to serve as a juror in this case, could you put your training and work experience behind you and be able to render a fair and impartial verdict in this case based solely on the evidence admitted during the course of the trial and the law as given to you by the Court?

23.    Has anyone ever been a member of a union? Which one? Were you an officer? Are you still a member of a union?

24.    Is there any reason about which I have not inquired which would cause any member of the panel not to be able to render a fair and impartial verdict in this case based solely on the evidence admitted during the course of the trial and the law as given to you by the Court? If so, please raise your hand.

    **[ask to approach the bench]**

    a.    Please explain.

Houston 734780 1